# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No.  1:07-CR-00326-03-JOF**

**MICHAEL WARNER ROSS**

                                                            **Defendant's Attorney:**
                                                            **R GARY SPENCER**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) Two and Three of the Criminal Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:2113(a) & (d) and § 2 | Armed Bank Robbery | 2 |
| 18:924(c)(1)(A)(ii) & § 2 | Possession of a Firearm During and in Relation to Armed Bank Robbery | 3 |

The defendant is sentenced as provided in pages 2 through  4 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        1746                    Date of Imposition of Sentence:
Defendant's Date of Birth:        1982                    May 28, 2008
Defendant's Mailing Address:
Omaha, Nebraska

Signed this the 4th day of June, 2008.

_____
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

1:07-CR-00326-03-JOF : MICHAEL WARNER ROSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **One Hundred Fourteen (114) Months total (Thirty (30) Months on Count Two and Eighty-Four (84) Months on Count Three, to run consecutive to Count Two)**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:07-CR-00326-03-JOF : MICHAEL WARNER ROSS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) Years on each of Counts Two and Three, to run concurrent to each other**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug screening  within 15 days of placement on supervised release,  and,  thereafter, during the first year of supervised release the defendant shall submit to drug screenings as directed by the United States Probation Officer.  If during the first year of supervised release the defendant doesn't have any negative screenings, the condition of drug screenings shall be dropped, however, if there are negative screenings the defendant shall undergo drug treatment as directed by the United States Probation Officer if deemed necessary.

The defendant shall, at the request of the U.S. Probation Officer,  submit to a search of his person, property (real, personal, or rental), residence, place of business of employment, office and/or vehicle(s), at a reasonable time and in a reasonable manner, based upon suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches pursuant to this condition.

1:07-CR-00326-03-JOF : MICHAEL WARNER ROSS

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.      The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.